1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**SOUTHERN DISTRICT OF CALIFORNIA**

9

10  CALIFORNIA BOARD SPORTS, INC.,              CASE NO. 10cv1849 WQH (WVG)
    a California Corporation,
11                                             **ORDER**
                                  Plaintiff,
12          vs.

13  MARK A. GRIFFIN, an individual; G-
    BAGS, LLC, a Pennsylvania limited
14  liability company,

15                               Defendants.

HAYES, Judge:
16

17          The matters before the Court are the Request for Appointment of Counsel for Defendant

18  G-Bags, LLC filed by Defendant Mark A. Griffin ("Griffin") (ECF No. 19), the Motion for a

19  Stay of All Proceedings (ECF No. 21) filed by Griffin, and the Motion for Dismissal of

20  Plaintiff's Complaint Due to Lack of Personal Jurisdiction filed by Griffin (ECF No. 23).

21                                      **BACKGROUND**

22          On September 3, 2010, Plaintiff California Board Sports, Inc. initiated this action by

23  filing a Complaint and filed an Amended Complaint on September 29, 2010, alleging claims

24  of false designation of origin and false representation, federal trademark infringement, state

25  trademark infringement and unfair competition, and common law trademark infringement and

26  unfair competition against Defendants Mark A. Griffin and G-Bags, LLC. (ECF Nos. 1, 8).

27  On October 14, 2010, Defendant Mark Griffin, filed a Motion requesting an extension of time

28  to respond to the Complaint for himself and G-Bags, LLC, a Pennsylvania limited liability

    company. (ECF No. 13).   The Court granted Defendant Griffin an extension of time to

respond to the Complaint and stated: "To date, there has been no appearance in this case by any attorney for either Defendant Griffin or G-Bags, LLC." (ECF No. 18 at 1 (citing Civ. L.R. 83.3(k) which provides: "Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney .... All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney ....")).

On November 12, 2010, Defendant Griffin filed a Request for Appointment of Counsel for Defendant G-Bags, LLC. (ECF No. 19). On November 16, 2010, Defendant Griffin filed a Motion for a Stay of All Proceedings (ECF No. 21) and a Motion for Dismissal of Plaintiff's Complaint Due to Lack of Personal Jurisdiction (ECF No. 23).

On December 6, 2010, Plaintiff filed an Opposition to Griffin's Motion to Dismiss Due to Lack of Personal Jurisdiction and Motion to Stay Proceedings. (ECF No. 25).

## DISCUSSION

**I.      Motion for Appointment of Counsel for Defendant G-Bags, LLC**

Defendant Mark Griffin, who is proceeding pro se, requests appointment of counsel for Defendant G-Bags, LLC, a limited liability company.

Generally, a person does not have a right to counsel in a civil case. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998); *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir.1982). A federal court does not have the authority to "make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). However, appointment of counsel under 28 U.S.C. § 1915(e)(1) does not apply to "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 211 (1993). In addition: "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Id.* at 201-02. Therefore, Defendant Mark Griffin may not bring this Motion on behalf of Defendant G-Bags, LLC, and even if he could the Motion is **DENIED**.

**II.    Motion to Dismiss Plaintiff's Complaint Due to Lack of Personal Jurisdiction**

Defendant Mark Griffin seeks to dismiss Plaintiff's Complaint due to lack of personal jurisdiction or, alternatively, seeks a transfer of venue to the Eastern District of Pennsylvania. Griffin has submitted an affidavit and states that he has never been a resident of California, he has not engaged in business transactions in California, he does not conduct activity in California, and the only contact he has had with Plaintiff were emails and phone conversations in an attempt to settle this action.

Plaintiff California Board Sports, Inc. contends that Defendant Griffin has advertised his products for sale on his website www.g-bags.com as well as via Facebook, Twitter, YouTube, Merchant Circle, Super Pages, and Yellow Pages. Plaintiff contends that by doing so, Defendant Griffin has "clearly marketed and made his products available for purchase by California customers." (ECF No. 25 at 2). Plaintiff contends that Defendant Griffin has sold products in California. Plaintiff contends that prior to this lawsuit, Defendant Griffin, through Ohio counsel, sent Plaintiff a cease and desist letter regarding Plaintiff's use of its trademark G BAGS.

Plaintiff has submitted the abstract of title for the trademark registration of G-BAGS which states that on June 8, 2007, Defendant Mark Griffin applied for the trademark and on March 18, 2008, Defendant Mark Griffin obtained the trademark. Plaintiff has also submitted the assignment of abstract of title which states that on July 23, 2010, Defendant Griffin assigned the G-BAGS mark to G-Bags, LLC.

Plaintiff has submitted the declaration of Joshua J. Richman who states that on September 3, 2010, he purchased a product from Defendant's website www.gbags.com using the "electronic shopping function located on the website." (ECF No. 25-1 at 1). Richman states in his declaration that on September 13, 2010, Defendant Griffin sent him an email confirming the order and stating that the product had been shipped. *Id*. Richman has attached the email and receipt showing that the order was shipped to his San Diego address. *Id*. at 4-5. Richman has also submitted copies of G-Bag's Facebook page, Twitter messages, and YouTube page containing advertisements for products offered by G-Bags. The Facebook page

contains photo albums of G-Bag products created on September 16, 2009, posts describing the products and providing the website address www.gbags.com, and invitations to participate in monthly contests by "following" Defendant's Twitter account to win free G-Bags products dated from June 11, 2009 through February 10, 2010. *Id*. at 11-17. The Twitter messages include product videos and commercials, links to other websites which carry G-Bags products, links to the website address www.gbags.com, and invitations to participate in contests by "following" Defendant's Twitter account to win free G-Bags products dated from March 25, 2009 through July 4, 2010. *Id*. at 19-170. The YouTube page contains videos of G-Bags products. *Id*. at 172. One video dated January 18, 2009, contains the following statement: "This is our recently released media commercial providing the merits of all our products. www.gbags.com Enjoy." *Id*. Plaintiff has also attached a letter to the Complaint dated August 26, 2010 and sent to a Carlsbad, California address in which an attorney states that he represent Defendant G-Bags, L.L.C. and states:

> It recently came to our attention that your company is marketing and selling a product labeled as the 'G BAG.' This product is apparently offered for sale on numerous online retailers ... and available at skate shops at various locations across the United States. Clearly [Plaintiff][1] cannot continue to market and sell goods in direct competition with our client's line of identical products under a moniker that is so likely to cause customer confusion with our registered trademark.

(ECF No. 1 at 16).

On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prarie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990). Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to satisfy this burden. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir.

---

[1] The letter is addressed to Osiris Shoes, Legal Department, 5601 Palmer Way, Carlsbad, California 92010. Plaintiff California Board Sports, Inc. alleges that this letter was sent to it. Plaintiff is a corporation with its principal place of business located at 5601 Palmer Way, Carlsbad, California 92010.

1977), uncontroverted allegations in the complaint must be taken as true. *AT&T v. Campagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).  Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.  *Id.*; *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.").  "[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss."  *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977).

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution.  *Pac. Atl. Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir. 1985).  California's long-arm statute permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States."  Cal. Civ. Pro. Code § 410.10.  Due process requires that the defendant have such "minimum contacts" with the forum state that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1954).  Under due process analysis, a defendant may be subject to either general or specific personal jurisdiction.  *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, that approximate physical presence in the forum state."  *Schwartzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations omitted).  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."  *Id.*

A court exercises specific personal jurisdiction over a defendant where the claim arises

out of or has a substantial connection to the defendant's contact with the forum. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007).

When personal jurisdiction is premised on a defendant's internet activity, courts must examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 418 (9th Cir. 1997) (quotation omitted). "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.* at 419 (quotation omitted); *see also Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1079 (9th Cir. 2003) ("This test requires both that the party in question clearly [do] business over the Internet, and that the internet business contacts with the forum state be substantial or continuous and systematic.") (quotation and citation omitted).

The Court concludes that Defendant's website www.gbags.com is interactive and commercial in nature. Defendant Griffin has advertised extensively over the internet and has directed business activities at consumers in California by selling products on the website www.gbags.com and shipping merchandise to a San Diego address. In addition, Defendant Griffin's limited liability company sent a letter to Plaintiff at a Carlsbad, California address requesting Plaintiff to "immediately terminate use of the trademark 'G-BAG' or any confusingly similar product name ...." (ECF No. 1 at 16). The Court concludes that Plaintiff has made a prima facie showing of jurisdictional facts.

## III.   Motion for a Stay of All Proceedings

Defendant Mark Griffin also seeks "a stay of all proceedings and discovery, or in the

alternative for a protective order preventing that any discovery be served on him, pending resolution of Defendant's Motion to Dismiss for Lack of Jurisdiction ...." (ECF No. 21).

This Court has ruled on the Motion for Dismissal of Plaintiff's Complaint Due to Lack of Personal Jurisdiction filed by Griffin; therefore, a stay pending resolution of the Motion is not necessary. Defendant Griffin's Motion for a Stay of All Proceedings (ECF No. 21) is DENIED as moot.

<b>CONCLUSION</b>

IT IS HEREBY ORDERED that the Request for Appointment of Counsel for Defendant G-Bags, LLC filed by Defendant Griffin (ECF No. 19) and the Motion for Dismissal of Plaintiff's Complaint Due to Lack of Personal Jurisdiction filed by Defendant Griffin (ECF No. 23) are DENIED. The Motion for a Stay of All Proceedings (ECF No. 21) filed by Defendant Griffin is DENIED as moot.

DATED: February 14, 2011

**WILLIAM Q. HAYES**
United States District Judge